FILED
CLERK, U.S. DISTRICT COURT
SEP 19 2000
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

✓ Priority
✓ Send
__ Clsd
__ Enter
__ JS-5/JS-6
__ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DUANE WILKINS,  )  NO. CV 00-9826-SVW(E)
                        )
           Plaintiff,   )
                        )  MEMORANDUM AND ORDER
    v.                  )
                        )
CRAIG PHILLIPS, et al., )
                        )
           Defendants.  )
_____)

For the reasons discussed below, Plaintiff's complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint, attempting to cure the defects in the complaint described herein. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to the original complaint. Failure to file timely a First Amended Complaint may result in a recommendation that this action be dismissed for failure to prosecute.

///

///

ENTERED ON ICMS
SEP 26 2000
CV

A defendant is not liable on a civil rights claim absent the defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between the defendant's wrongful conduct and the alleged constitutional deprivation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir. 1993)(a supervisory official may not be held liable in a civil rights action under the doctrines of vicarious liability or respondeat superior).

Plaintiff names Michael Schumaker, Director of Orange County Health Care Agency, as a Defendant. Plaintiff erroneously appears to predicate Defendant Schumaker's alleged liability upon Defendant Schumaker's supervisorial position. Plaintiff alleges Defendant Schumaker "is responsible for his subordinates duties, responsibilities, and performance . . ." (Complaint at 4). Such allegation is legally insufficient. Id.

Elsewhere in the Complaint, Plaintiff vaguely alleges "Michael Schumaker through his act demands his nurses summarily deny treatment." This vague allegation also does not suffice to state a claim. Id.; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999)("a plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights"); see generally Fed. R. Civ. P. 8 (complaint must contain "a short and plain statement of a claim showing that the pleader is entitled to relief").
///

1 | For all of the foregoing reasons, the Complaint is dismissed with leave to amend. See Anderson v. Coughlin, 700 F.2d 37, 41-43 (2d Cir. 1983); Williams v. Field, 394 F.2d 329 (9th Cir.), cert. denied, 393 U.S. 891 (1968); 28 U.S.C. 1915(e)(2)(B). Plaintiff should not attempt to add additional defendants without leave of Court. See Fed. R. Civ. P. 21.

The Clerk is ordered to serve a copy of this Memorandum and Order upon Plaintiff.

DATED: September 19, 2000.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE